X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd,
La Jolla, California 92037
Telephone: 858-454-4313
Facsimile: 858-454-4314
Email: jon@x-patents.com

Brian J. McGinnis (Admitted Pro Hac Vice)
Darlene R. Seymour (Admitted Pro Hac Vice)
1292 E. 91st Street
Indianapolis, IN 46240
Telephone: 317-818-0523
Email: bmcginnis@ce-ip.com
Email: dseymour@ce-ip.com

Attorneys for Plaintiff/Counterclaim-defendant
Heckler & Koch, Inc.

FILED
CLERK, U.S. DISTRICT COURT
MAY 17 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECKLER & KOCH, INC.,<br><br>Plaintiff/Counterclaim-defendant,<br><br>v.<br><br>DONG YING MANUFACTURING, INC. D/B/A UK ARMS,<br><br>Defendant/Counterclaimant. | Case No. 2:09-cv-09129- CAS VBK<br><br>PLAINTIFF'S AMENDED COMPLAINT |
| And Related Counterclaims. | |

**AMENDED COMPLAINT**

For this Amended Complaint against Defendant, Dong Ying Manufacturing, Inc. d/b/a UK Arms (referred to hereafter as "Defendant"), Plaintiff, Heckler & Koch, Inc. ("HK") hereby alleges as follows:

## A.
## SUBSTANCE OF THE ACTION

1. Plaintiff's Amended Complaint arises from the unauthorized advertisement, distribution and/or sale of airsoft guns by Defendant made to replicate HK's famous USP® and MP5® firearms. The advertisements, packaging and/or merchandise used by Defendant in connection with the sale of these airsoft guns contain the trademarks and trade dress of HK (the "HK IP").

2. Defendant's unauthorized use of the HK IP on the infringing advertisements, packaging and merchandise violates HK's rights as owner of the IP. HK asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and theft. HK seeks a permanent injunction preventing Defendant from using the distinctive HK IP, along with an award of damages, treble damages, profits, attorney's fees and costs.

## B.
## THE PARTIES

3. HK is a corporation organized and existing under the laws of Virginia.

4. Defendant, Dong Ying Manufacturing, Inc. d/b/a UK Arms, is a company organized and existing under the laws of California, and can be served via its

Registered Agent, Chang Qing Chen, at 2557 Yates Avenue, Commerce, CA, 90040.

## C.
## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Counts I through III of this Amended Complaint pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has original jurisdiction over Count V of this Amended Complaint pursuant to 28 U.S.C. §1338(b).

7. This Court has supplemental jurisdiction over Count IV and Counts VI through X of this Amended Complaint pursuant to 28 U.S.C. §1367(a).

8. Defendant has submitted to this Court's jurisdiction by requesting transfer to the jurisdiction.

9. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in the state of California.

## D.
## GENERAL ALLEGATIONS

### 1. The HK IP

10. HK is a leading firearms manufacturer and distributor in the United States. HK is especially prominent in providing weaponry to military and law enforcement throughout the country including its MP5® submachine gun. However, HK also retails a line of civilian firearms, including the USP® handgun.

11. Related to this business, HK owns a wide variety of intellectual property rights ("the HK IP"). Included within the HK IP are federal and state registered trademarks, trade dress, copyrights and patents for HK's well-known weapon designation marks and weapon designs.

12. Relevant to this Amended Complaint, HK is the registrant for federal registration number 1594109 for the MP5® mark; registration number 3171109 for the wordmark "Heckler & Koch®"; and registration number 0966965 for the wordmark "HK®". These registrations are active and unrevoked, and constitute *prima facie* evidence of HK's ownership of the marks.

13. Also relevant to this Amended Complaint, HK is the registrant for several design only trademarks for the distinctive trade dress design shapes of its firearms. HK holds Indiana registration number 20081120-13168 and 20081120-13169 for the MP5 firearm trade dress and registration numbers 20081120-13178 and 20081120-13179 for its USP firearm trade dress. These registrations are active and unrevoked, and constitute *prima facie* evidence of HK's ownership of the marks.

14. HK also owns common law trademark rights in the distinct shapes and features of its gun products, including but not limited to the MP5 and USP. These common law rights are included in the HK IP.

15. HK expends significant effort to maintain strict control over the quality and

nature of their products and items bearing the HK marks and to protect the HK marks from unauthorized and infringing use by others.

16. HK has invested considerable time and money in establishing the HK IP throughout Indiana and the United States. As a result of these efforts, the HK IP is immediately recognizable.

17. HK has acquired substantial goodwill among consumers.

18. As a result of such goodwill and immediate recognition, items bearing the HK IP have become highly valuable.

### 2. Defendant's Infringement of HK's Rights

19. Subsequent to HK's development, use and registration of the HK IP, Defendant began using the HK IP or confusingly similar variations of the marks.

20. Defendant has manufactured, produced, advertised and/or sold airsoft guns bearing the HK IP. A sample listing of the airsoft guns manufactured, distributed, advertised and/or sold by Defendant is attached to the Amended Complaint as Exhibit A.

21. Defendant has not received permission from HK or anyone acting on HK's behalf, to manufacture, produce, advertise or sell any item bearing the HK IP.

22. By manufacturing, producing, advertising and/or selling items bearing the HK IP without permission, Defendant has attempted to profit from and capitalize on the intellectual property rights and substantial goodwill developed by HK.

23. Defendant has willfully and intentionally manufactured, produced, advertised and/or sold products bearing the HK IP with knowledge of HK's ownership of the HK IP.

24. Defendant manufactured, produced, advertised and/or sold items bearing the HK IP with knowledge that Defendant's use of the HK IP was unauthorized.

25. The manufacture, production, advertisement, and/or sale of items bearing the HK IP created a likelihood of consumer confusion.

26. Defendant used the HK IP with the intent to confuse and/or deceive consumers.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

27. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

28. Defendant has used in commerce, and in connection with the sale of goods, reproductions, counterfeits, copies or colorable imitations of the HK IP.

29. Defendant has reproduced, counterfeited, copied or imitated the HK IP and applied the HK IP to labels, signs, prints, packages, receptacles or advertisements intended to be used in commerce.

30. Defendant's use of the HK IP creates the likelihood of confusion, mistake and/or deception among consumers.

31. Defendant willfully infringed upon the HK IP. Defendant intended to confuse, mistake or deceive consumers.

32. Defendant used the reproductions of the HK IP with knowledge that the marks were copies and/or counterfeits.

33. Consumers were initially interested in and lured to the infringing items by Defendant's use of the HK IP.

34. As a result of Defendant's infringement, HK has suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, HK will continue to suffer irreparable harm.

35. A permanent injunction is necessary to prevent Defendant from further interference with the HK IP.

36. As a result of Defendant's infringement under 15 U.S.C. § 1114, HK has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, corrective advertising damages, treble damages, statutory damages, costs of suit and attorney's fees.

**COUNT II**
**TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**

37. HK incorporates by reference the allegations contained in all previous paragraphs of this Amended Complaint.

38. The HK IP is the product of creativity and imagination.

39. The HK IP is distinctive and famous.

40. Defendant adopted the HK IP after the marks became famous.

41. Defendant's use of the HK IP caused dilution of the marks.

42. Defendant's use of the HK IP is commercial and in commerce.

43. Defendant's use of the HK IP has weakened the unique association of the HK IP with HK.

44. As a result of Defendant's dilution under 15 U.S.C. § 1125(c), HK has suffered irreparable harm. Unless Defendant is permanently enjoined from further dilution, HK will continue to suffer irreparable harm.

45. A permanent injunction is necessary to prevent Defendant from further interference with the HK IP.

46. Defendant's dilution of the HK IP has caused HK damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, corrective advertising damages, treble damages, statutory damages, costs of suit and attorney's fees.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND**
**TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

47. HK incorporates by reference the allegations contained in all previous paragraphs of this Amended Complaint.

48. Defendant used the HK IP in commerce and in connection with the sale of goods or services.

49. Defendant's use of the HK IP is likely to cause confusion or mistake and/or is

likely to deceive consumers as to the affiliation, connection or association of Defendant with HK; or as to the origin, sponsorship, or approval of Defendant's goods by HK, or anyone acting on behalf of HK.

50. Defendant's conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

51. As a result of Defendant's conduct, HK has suffered irreparable harm. Unless Defendant is permanently enjoined from further false designations, false advertisement and trade dress infringement, HK will continue to suffer irreparable harm.

52. A permanent injunction is necessary to prevent Defendant from further interference with the HK IP.

53. Defendant's violation of 15 U.S.C. §1125(a) has caused HK to incur damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, corrective advertising damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

54. HK incorporates by reference the allegations contained in all previous paragraphs of this Amended Complaint.

55. The HK IP is immediately recognizable and famous throughout the world.

56. HK has acquired a reputation among consumers for quality and excellence, and the HK IP has come to symbolize that reputation.

57. Defendant, with knowledge of and with intentional disregard for the rights of HK, manufactured, produced, advertised and/or sold items using the HK IP or confusingly similar imitations thereof.

58. Defendant's use of the HK IP has created the likelihood of confusion among consumers.

59. Defendant's acts constitute trademark infringement and willful infringement under the common law.

60. As a result of Defendant's conduct, HK has suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, HK will continue to suffer irreparable harm.

61. A permanent injunction is necessary to prevent Defendant from further interference with the HK IP.

62. As a result of Defendant's infringement, HK has suffered damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT V
## UNFAIR COMPETITION

63. HK incorporates by reference the allegations contained in all previous paragraphs of this Amended Complaint.

64. Defendant's unlawful and unauthorized use of the HK IP constitutes unfair competition with HK.

65. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

66. Defendant's use of the HK IP is an attempt to interfere with HK's business relationship with its consumers and to trade on HK's goodwill.

67. As a result of Defendant's conduct, HK has suffered irreparable harm. Unless Defendant is permanently enjoined from further unfair competition, HK will continue to suffer irreparable harm.

68. A permanent injunction is necessary to prevent Defendant from further interference with the HK IP.

69. Defendant's unfair competition has caused HK to incur damages, including but not limited to, Defendant's profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

**COUNT VI**
**<u>CONVERSION UNDER IND. CODE § 35-43-4-3</u>**

70. HK incorporates by reference the allegations contained in all previous paragraphs of this Amended Complaint.

71. Defendant knowingly or intentionally exerted unauthorized control over the HK

IP by making unauthorized use of the HK IP in the advertisement and sale of certain products.

72. Defendant knowingly or intentionally exerted unauthorized control over HK's intangible property, namely the HK IP and HK's goodwill associated with the HK IP.

73. HK's goodwill is valuable property.

74. The HK IP including all federal and state registered trademarks and common law trademarks for HK's firearm designations, trade names and logos, be it tangible or intangible, is valuable property.

75. The HK IP, including all federal and state registered trade dress and common law trade dress for the distinctive design shapes HK's firearms, be it tangible or intangible, is valuable property.

76. As the owner of the HK IP and HK's goodwill, HK alone has the right to control and authorize the use of the HK IP and HK's goodwill.

77. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of HK's property through the advertisement and sale of products that make unauthorized use of the HK IP.

78. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of HK's property for Defendant's own use and benefit and in exclusion and defiance of HK's rights in HK's property interests.

79. Defendant sold items bearing the HK IP without HK's consent and in a manner or to an extent other than that to which HK had consented.

80. Defendant misappropriated the HK IP and HK's goodwill for its own use and benefit and interfered with HK's control over the HK IP and HK's goodwill.

81. As a result of Defendant's conversion, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT VII**
**FORGERY UNDER IND. CODE § 35-43-5-2(b)**

82. HK incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint.

83. All advertisements and/or packaging associated with Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification are written instruments under Ind. Code § 35-43-5-1(s).

84. Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

85. Defendant, with intent to defraud, made, uttered, and/or possessed a written instrument, namely the Defendant's airsoft guns, advertisements and/or

associated packaging in such a manner that it purports to have been made by HK.

86. Defendant was not given the authority to make or possess the infringing items by HK or anyone acting on behalf of HK.

87. As a result of Defendant's forgery, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT VIII**
**COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)**

88. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

89. All advertisements and/or packaging associated with Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification are written instruments under Ind. Code § 35-43-5-1(s).

90. Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

91. Defendant made, uttered, and/or possessed a written instrument, namely the Defendant's airsoft guns, advertisements and/or associated packaging in such a

manner that it purports to have been made by HK.

92. Defendant was not given the authority to make or possess the infringing items by HK or anyone acting on behalf of HK.

93. As a result of Defendant's counterfeiting, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT IX**
**THEFT UNDER IND. CODE § 35-43-4-2**

94. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

95. Defendant knowingly or intentionally exerted unauthorized control over the HK IP with intent to deprive HK of a part of its value and use by making unauthorized use of the HK IP in the advertisement and sale of certain products.

96. Defendant knowingly or intentionally exerted unauthorized control over HK's intangible property, namely the HK IP and HK's goodwill associated with the HK IP.

97. HK's goodwill is valuable property.

98. The HK IP, including all federal and state registered trademarks and common law trademarks for HK's firearm designations, trade names and logos, be it tangible or intangible, is valuable property.

99. The HK IP, including all federal and state registered trade dress and common

law trade dress for the distinctive design shapes of HK's firearms, be it tangible or intangible, is valuable property.

100. As the owner of the HK IP and HK's goodwill, HK alone has the right to control and authorize the use of the HK IP and HK's goodwill.

101. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of HK's property through the advertisement and sale of products that make unauthorized use of the HK IP.

102. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of HK's property for Defendant's own use and benefit and in exclusion and defiance of HK's rights in HK's property interests.

103. Defendant sold items bearing the HK IP without HK's consent and in a manner or to an extent other than that to which HK had consented.

104. Defendant misappropriated the HK IP and HK's goodwill for their own use and benefit and interfered with HK's control over the HK IP and HK's goodwill.

105. As a result of Defendant's theft, HK as damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT X**
**STATE TRADEMARK INFRINGEMENT UNDER IND. CODE § 24-2-1-13**

106. HK incorporates herein by reference the allegations contained in all

previous paragraphs of this Amended Complaint.

107. Defendant has used, without the consent of HK, reproductions, counterfeits, copies or colorable imitations of the HK registered trademarks.

108. Defendant's use of the HK trademarks in connection with the sale, offering for sale, or advertising of goods is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

109. Defendant has reproduced, counterfeited, copied or colorably imitated the HK trademarks and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in the State of Indiana of such goods.

110. Defendant's use of the HK trademarks creates the likelihood of confusion, mistake and/or deception among consumers.

111. Defendant willfully infringed upon the trademark rights of HK. Defendant intended to confuse, mistake or deceive consumers.

112. Defendant used the reproductions of the HK trademarks with knowledge that the marks were copies and/or counterfeits.

113. Consumers were initially interested and lured to the infringing items by the similarity to the HK marks.

114. As a result of Defendant's infringement, HK has suffered irreparable harm to valuable HK trademarks. Unless Defendant is permanently enjoined

from further infringement, HK will continue to suffer irreparable harm.

115. A permanent injunction is necessary to prevent Defendant from further interference with HK's trademark rights.

116. As a result of Defendant's infringement under Ind. Code § 24-2-1-13, HK has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, HK prays for relief against the Defendant as follows:

a. That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, and each and all of them, be permanently enjoined from:

(i) Imitating, copying, reproducing, or using, in any manner, the HK IP, or any other mark confusingly similar to the HK IP;

(ii) Committing any act that dilutes or is likely to dilute the distinctiveness of the HK IP;

(iii) Committing any act that is likely to create the impression that Defendant's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with HK;

(iv) Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any of the HK IP; and

(v) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b. That Defendant be required to:

(i) Deliver to HK for destruction all goods and materials bearing the HK IP which Defendant has in its possession;

(ii) Recall and deliver to HK for destruction all goods and materials bearing the HK IP that have been previously distributed or sold;

(iii) Pay compensatory damages to HK in an amount to be determined at trial for the injuries HK has sustained as a consequence of the acts complained of;

(iv) Pay HK treble damages, or alternatively, Defendant's profits trebled, whichever is greater;

(v) Pay all of HK's litigation expenses, including reasonable attorneys' fees and costs of this action;

(vi) Pay interest to HK, including pre-judgment interest on the

foregoing sums; and

(vii) File with this Court and serve on HK an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

c. That HK be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/JONATHAN HANGARTNER,
Cal. Bar No. 196268
5670 La Jolla Blvd,
La Jolla, California 92037
Telephone: 858-454-4313
Facsimile: 858-454-4314
Email: jon@x-patents.com